KEVIN J. KEATING
ATTORNEY AT LAW
SUITE 501
666 OLD COUNTRY ROAD
GARDEN CITY, NEW YORK 11530-2004

(516) 222-1099

TELECOPIER
(516) 683-8410

MANHATTAN OFFICE:
EMPIRE STATE BUILDING
350 FIFTH AVENUE, SUITE 5411
NEW YORK, N.Y. 10118
(212) 964-2702

November 21, 2013

VIA ECF
Hon. Jesse M. Furman
United States District Judge
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

Re: United States v. Movtady
and Golden First Mortgage Corp.
13 CV 2227 (JMF)

Dear Judge Furman:

As you are aware, I am attorney for David Movtady and Golden First Mortgage Corp. in the captioned matter. I write, briefly, in response to the Government's letter of November 14, 2013, in which they bring to the Court's attention a recent decision from the Northern District of California, United States v. Reunion Mortgage, Inc., No. C 13-02340 SBA, 2013 WL 5944252, at *5-6 (N.D. Cal. Nov. 5, 2013). In their letter, the Government writes that it felt "compelled" to bring the decision to the Court's attention, yet argues that the case is "entirely distinguishable" from the instant matter. This is not entirely true.

The facts of the case at bar and Reunion are virtually identical. Both Golden First and Reunion Mortgage were FHA direct endorsement lenders. The Government has alleged that both Golden First and Reunion Mortgage, and their individual owners, are liable under the False Claims Act for falsely certifying its compliance with FHA rules regarding the underwriting of loans. In both cases, the Government seeks damages resulting from the payment of claims stemming from the defaulted loans.

In Reunion, the District Court dismissed the False Claims Act claims against Reunion's individual owner. In doing so, the court held that the allegation of the mere act of signing an Annual Certification (which attests to an entity's general compliance with HUD's rules and regulations) was insufficient to impose liability against the owner for false loan level certifications which were signed by other Reunion employees. In their letter of November 14, 2013, the Government argues that the Reunion decision is not persuasive authority as (1) in Reunion, the Government did not premise liability against the owner on an Annual Certification theory, instead the Government sought to impose liability on the owner for the false individual loan certifications; (2) unlike the Government's current claims, the complaint in Reunion does not allege that the Annual Certification signed by the owner was false, and (3) unlike the instant

complaint, the <u>Reunion</u> complaint contained no allegations regarding a lack of quality control or a pattern of reckless underwriting.

    We believe <u>Reunion</u> does constitute persuasive authority with regard to Your Honor's current consideration of the defendant's Motion to Dismiss the Amended Complaint on two issues. As noted, the core of the <u>Reunion</u> court's holding is that liability against an owner under the False Claims Act cannot be premised upon loan level certifications which were signed by other Reunion underwriters without alleging facts attesting to the owner's awareness or participation in the loan level certifications. In the instant case, the Government has premised liability against owner Movtady based upon false Annual Certifications *and* false loan level certifications. Yet, as pled in the Amended Complaint, four of the alleged false loan level certifications (East 53rd Street, ¶ 83-87; Grace Avenue, ¶ 88-92; Grand Avenue, ¶ 93-97, and Sonoran Way, ¶ 98-102) were not underwritten by Movtady, but by an unnamed Golden First employee. For the reasons noted in the <u>Reunion</u> decision, these loan level certification claims brought under the False Claims Act as against owner Movtady individually should be dismissed. Additionally, three of the alleged false loan level certifications (Wyona Street, ¶ 73-77; Folly Grove, ¶ 103-107; and Steward Street, ¶ 108-112) are alleged to have been underwritten by Movtady and an unnamed Golden First employee, without any allegations as to who supplied the purportedly false information or signed the loan level certification. As such, based upon <u>Reunion</u>, these loan level certification claims brought under the False Claims Act as against Movtady individually should likewise be dismissed.

    Next, in our pending Motion to Dismiss the Amended Complaint, we seek dismissal of the False Claims Act claims brought under the Annual Certification theory as the filing of an Annual Certification form is not a request for payment. As noted above, in <u>Reunion</u>, the Government did not allege in its complaint a claim against Reunion's individual owner based upon an Annual Certification theory. However, we note that in its decision, the <u>Reunion</u> court held that had the Government alleged a false Annual Certification as the basis for a False Claims Act claim, dismissal would have been warranted as an Annual Certification (unlike a loan level certification) is not a request for payment but filed simply to prospectively maintain a direct endorsement lender's status with the FHA. <u>Reunion</u>, p. 11, citing <u>Mikes v. Straus</u>, 274 F. 3d 687, 701-702. (2d. 2001)

    We respectfully request that the Court consider <u>Reunion</u>'s persuasive authority on these issues in deciding defendant's pending Motion to Dismiss the Amended Complaint.

    Very Truly Yours,

    KEVIN J. KEATING

KJK:cf

cc: Lara Eshkenazi, Esq.

    Lawrence Fogelman, Esq.