```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/31/2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

    -against-

DAVID MOVTADY and GOLDEN FIRST MORTGAGE CORP.,

                Defendants.

13 Civ. 2227 (JMF)

STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL

       WHEREAS, this Stipulation and Order of Settlement and Dismissal (the "Stipulation") is entered into by and among the United States of America, by its attorney Preet Bharara, United States Attorney for the Southern District of New York, and on behalf of the U.S. Department of Housing and Urban Development ("HUD") and the Federal Housing Administration ("FHA") (collectively, the "United States" or "Government") and defendants David Movtady ("Movtady") and Golden First Mortgage Corp. ("Golden First") (collectively, "Defendants") by their authorized representatives;

       WHEREAS, Golden First is a mortgage lending corporation in New York and is owned and operated by Movtady;

       WHEREAS, Golden First participated in HUD's Direct Endorsement Lending program (the "DEL Program") from 1989 until 2010, a Government program administered by the FHA that authorizes private-sector mortgage lenders ("Direct Endorsement Lenders") to approve mortgage loans for insurance by the FHA;

       WHEREAS, although Golden First is currently listed as an active corporate entity in the New York Department of State Division of Corporations database, Golden First ceased

operations in 2010 and has not approved any mortgage loans for insurance by the FHA since 2010;

WHEREAS, on or about April 4, 2013, the Government commenced a civil action (the "Civil Action") pursuant to the False Claims Act, 31 U.S.C. § 3730(a), by filing a complaint in the United States District Court for the Southern District of New York (the "Court") against Defendants; and on August 13, 2013, the Government filed a First Amended Complaint against Defendants in the Civil Action (the "Complaint");

WHEREAS, the Government's Complaint alleges that from 2002 through 2010 (the "Covered Period"), Golden First and Movtady submitted false certifications to FHA and HUD concerning compliance with DEL Program rules and endorsed loans for FHA insurance in violation of DEL Program rules, and that, as a result, the Government has incurred substantial losses in connection with loans that Golden First underwriters, including Movtady, endorsed for FHA insurance during the Covered Period;

WHEREAS, the Government's Complaint further alleges that Defendants are liable under the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*;

WHEREAS, the conduct alleged in the Government's Complaint shall be defined as the "Covered Conduct"; and

WHEREAS, the Government and Defendants have reached a mutually-agreeable resolution addressing Defendants' conduct through this Stipulation;

NOW, THEREFORE, upon agreement of the parties to this Stipulation (each a "Party," and collectively, the "Parties"), IT IS HEREBY ORDERED that:

TERMS AND CONDITIONS

1. The Court's subject matter jurisdiction over this action is undisputed and Defendants consent to the Court's exercise of personal jurisdiction over them in this action.

2.      Golden First and Movtady admit, acknowledge, and accept responsibility for the following conduct alleged in the Government's Complaint:

(a)     As a Direct Endorsement Lender, Golden First was required to comply with certain HUD-FHA requirements.

(b)     During the Covered Period, on an annual basis, Golden First submitted certifications to HUD (the "annual certifications").

(c)     The annual certifications required the signatory to certify, among other things, that he or she "kn[e]w, or [wa]s in the position to know, whether the operations of [Golden First] conform[ed] to HUD-FHA regulations, handbooks, and policies," and that, to the best of the signatory's knowledge, Golden First "conform[ed] to all HUD-FHA regulations necessary to maintain its HUD-FHA approval." The annual certifications were signed by authorized representatives of Golden First including Movtady.

(d)     During the Covered Period, HUD-FHA rules required all Direct Endorsement Lenders, among other things, to maintain a quality control program that complied with HUD-FHA requirements. Golden First failed to conform to this requirement.

(e)     Contrary to the representations in Golden First's annual certifications, including the annual certification signed by Movtady on September 15, 2008, Golden First failed to maintain a compliant quality control program and therefore did not conform to all applicable HUD-FHA regulations during the Covered Period.

(f)     For every mortgage loan that Golden First endorsed for FHA mortgage insurance pursuant to the DEL Program, Golden First submitted a Form HUD 92900-A, or an equivalent form, to HUD-FHA ("loan-level certifications").

(g)     In each loan-level certification, Golden First certified to HUD-FHA that the loan was eligible for FHA mortgage insurance under the DEL Program.

(h)     During the Covered Period, Golden First endorsed for FHA mortgage insurance pursuant to the DEL Program loans that did not meet underwriting requirements contained in HUD's handbooks and mortgagee letters, and therefore were not eligible for FHA mortgage insurance under the DEL Program.

(i)     As a result, Golden First submitted to HUD-FHA certifications stating that loans were eligible for FHA mortgage insurance when in fact they were not; FHA insured loans endorsed by Defendants that were not eligible for FHA mortgage insurance; and HUD consequently incurred losses when those Golden First loans defaulted.

3.     Defendants agree to the following terms of settlement:

(a)     Entry of a judgment of $36,000,000 against Golden First (attached hereto as Exhibit A);

(b)     Movtady shall pay to the Government a total of $300,000 (the "Settlement Amount") as follows:

(i)     A payment of one hundred and fifty thousand dollars ($150,000) (the "Initial Payment") within thirty (30) days of the Effective Date (defined below), and a payment of one hundred and fifty thousand dollars ($150,000), plus interest paid at the current federal interest rate of 0.13% (with interest running from thirty (30) days of the Effective Date), within 6 months of the Effective Date; and

(c)     Movtady, upon the Effective Date of this Agreement, shall be permanently debarred from conducting any business with the Federal Government, which means, among other things, that Movtady's name will be included in the Government's public

4

listing of persons subject to debarment, which is currently the Government's System for Award Management (www.sam.gov), and that Movtady shall be subject to all of the restrictions of a debarred party (currently set forth at 2 CFR §§180 and 2424).

4.  Payment of the Settlement Amount pursuant to this Settlement Agreement shall be made at https://www.pay.gov to the U.S. Department of Justice account in accordance with written instructions to be provided within ten days of the Effective Date by the Financial Litigation Unit of the United States Attorney's Office for the Southern District of New York. Any amounts distributed to HUD-FHA pursuant to this Stipulation may be deposited into FHA's Capital Reserve Account.

5.  Subject to the exceptions in Paragraph 7 below (concerning excluded claims), conditioned upon Movtady's full payment of the Settlement Amount and the conditions specified in Paragraph 3 above, and subject to Paragraph 12 below (concerning bankruptcy proceedings commenced within 91 days of the Effective Date or the date of any payment made under this Stipulation), the Government, on behalf of its officers, agencies and departments (including HUD), releases Defendants and all of their current and former officers, directors, employees, affiliates, agents, attorneys and assigns (collectively, the "Releasees") from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1833a *et seq.*; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801 *et seq.*; and common law theories of negligence, payment by mistake, unjust enrichment, money had and received, breach of fiduciary duty, conspiracy, misrepresentation, deceit, fraud, indemnification, and aiding and abetting any of the foregoing.

6. Defendants release the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that Defendants have asserted, could have asserted, or may assert in the future, against the United States, its agencies, officers, agents, employees, and servants, related to the Covered Conduct and the United States' investigation and prosecution thereof.

7. Notwithstanding the release given in Paragraph 5, or any other term of this Stipulation, the following claims of the United States are specifically reserved and are not released:

    (a) Any liability arising under Title 26 of the United States Code (Internal Revenue Code);

    (b) Any criminal liability;

    (c) Any administrative liability;

    (d) Any liability arising out of or relating to mortgage loans other than loans originated or underwritten by Defendants and insured by FHA;

    (e) Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct; and

    (f) Any liability based upon obligations created by this Stipulation;

8. Defendants shall be in default of this Stipulation if they fail to make the payments set forth in Paragraph 3 above by the due dates stated therein ("Default"). The Government shall provide written notice to Defendants of any Default, to be sent by first-class certified mail to the undersigned attorney for Defendants. Defendants shall then have an opportunity to cure the Default within seven (7) business days from the date of receipt of the notice of Default. In the event that a Default is not fully cured within seven (7) business days of the receipt of the notice of Default ("Uncured Default"), Defendants agree to the immediate entry of a consent judgment

in the form attached hereto as Exhibit B in the amount of one and a half times (*i.e.*,150%) the unpaid balance.  Additionally, the United States, at its option, also may (a) rescind this Stipulation and reinstate the Government's Complaint; (b) seek specific performance of this Stipulation; (c) offset the remaining unpaid balance of the Settlement Amount from any amounts due and owing any Defendant by any department, agency, or agent of the United States at the time of Default; or (d) exercise any other rights granted by law, or under the terms of this Stipulation, or recognizable at common law or in equity.  Defendants shall not contest any offset imposed or any collection undertaken by the Government pursuant to this Paragraph, either administratively or in any court.  In addition, Defendants shall pay the Government all reasonable costs of collection and enforcement under this Paragraph, including attorney's fees and expenses.  In the event that the United States opts to rescind this Stipulation pursuant to this Paragraph, Defendants shall not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any civil or administrative claims that relate to the Covered Conduct, except to the extent such defenses were available on the Effective Date.

      9.      Defendants waive and shall not assert any defenses they may have to any criminal prosecution relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause of the Fifth Amendment of the Constitution or under the Excessive Fines Clause of the Eighth Amendment of the Constitution, this Stipulation bars a remedy sought in such criminal prosecution.  Nothing in this Paragraph or any other provision of this Stipulation constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

10. Except as expressly provided in this Stipulation, this Stipulation is intended to be for the benefit of the Parties only. The Parties are not releasing any claims against any other person or entity except as expressly provided in this Stipulation.

11. Defendant Movtady represents and warrants that he has reviewed his financial situation, that he is currently not insolvent as such term is defined in 11 U.S.C. § 101(32), and that he reasonably believes that he shall remain solvent following payment to the Government of the Settlement Amount. Further, the Parties warrant that, in evaluating whether to execute this Stipulation, they (a) have intended that the mutual promises, covenants, and obligations set forth constitute a contemporaneous exchange for new value given to Defendants, within the meaning of 11 U.S.C. § 547(c)(1); and (b) have concluded that these mutual promises, covenants, and obligations do, in fact, constitute such a contemporaneous exchange. Further, the Parties warrant that the mutual promises, covenants, and obligations set forth herein are intended to and do, in fact, represent a reasonably equivalent exchange of value that is not intended to hinder, delay, or defraud any entity to which Defendants were or became indebted to on or after the date of this Stipulation, within the meaning of 11 U.S.C. § 548(a)(1).

12. If within 91 days of the Effective Date of this Stipulation or any payment made under this Stipulation, Defendants commence any case, action, or other proceeding under any law relating to bankruptcy, insolvency, reorganization, or relief of debtors or a third party commences any case, action, or other proceeding under any law related to bankruptcy, insolvency, reorganization, or relief of debtors (a) seeking an order for relief of Defendants' debts, or seeking to adjudicate Defendants as bankrupt or insolvent; or (b) seeking appointment of a receiver, trustee, custodian, or other similar official for Defendants or for all or part of Defendants' assets, Defendants agree as follows:

(a) Defendants' obligations under this Stipulation may not be avoided pursuant to 11 U.S.C. § 547, and Defendants shall not argue or otherwise take the position in any such case, action, or proceeding that (i) Defendants' obligations under this Stipulation may be avoided under 11 U.S.C. § 547; (ii) Defendants were insolvent at the time this Stipulation was entered into; or (iii) the mutual promises, covenants, and obligations set forth in this Stipulation do not constitute a contemporaneous exchange for new value given to Defendants.

(b) If any of Defendants' obligations under this Stipulation are avoided for any reason, including, but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code, the Government, at its option, may rescind the release in this Stipulation and bring any civil and/or administrative claim, action, or proceeding against Defendants for the claims that would otherwise be covered by the release in Paragraph 5 above.  Defendants agree that (i) any such claim, action, or proceeding brought by the Government would not be subject to an "automatic stay" pursuant to 11 U.S.C. § 362(a) as a result of the case, action, or proceeding described in the first clause of this Paragraph, and Defendants shall not argue or otherwise contend that the Government's claim, action, or proceeding is subject to an automatic stay; (ii) Defendants shall not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any claim, action, or proceeding that is brought by the Government within 60 calendar days of written notification to Defendants that the release has been rescinded pursuant to this Paragraph, except to the extent such defenses were available on the Effective Date; and (iii) the Government has valid claims against Golden First in the amount of $36 million and against Movtady in the amount of $300,000, and the Government may pursue its claims

in the case, action, or proceeding described in the first clause of this Paragraph, as well as in any other case, action, or proceeding.

    (c)    Defendants acknowledge that their agreements in this Paragraph are provided in exchange for valuable consideration provided in this Stipulation.

13.    Each Party shall bear its own and its employees' legal and other costs incurred in connection with this matter, including the preparation and performance of this Stipulation.

14.    Any failure by the Government to insist upon the strict performance of any of the provisions of this Stipulation shall not be deemed a waiver of any of the provisions hereof, and the Government, notwithstanding that failure, shall have the right thereafter to insist upon strict performance of any and all of the provisions of this Stipulation.

15.    This Stipulation is governed by the laws of the United States.  The exclusive jurisdiction and venue for any dispute relating to this Stipulation is the United States District Court for the Southern District of New York.  For purposes of construing this Stipulation, this Stipulation shall be deemed to have been drafted by all Parties to this Stipulation and shall not, therefore, be construed against any Party in any subsequent dispute.

16.    Subject to the exceptions set forth in this Stipulation, and in consideration of the obligations of Defendants set forth in this Stipulation, and conditioned upon Defendants' full compliance with the terms of this Stipulation, the Government shall dismiss with prejudice the Government's Complaint, provided, however, that the Court shall retain jurisdiction over this Stipulation and each Party to enforce the obligations of each Party under this Stipulation.

17.    Except to the extent otherwise explicitly stated in writing, this Stipulation constitutes the complete agreement between the Parties.  This Stipulation may not be amended except by written consent of the Parties.

18. The undersigned counsel represent and warrant that they are fully authorized to execute this Stipulation on behalf of the persons and entities indicated below.

19. This Stipulation may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Stipulation. Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Stipulation.

20. Any notices pursuant to this Stipulation shall be in writing and shall be delivered by hand, express courier, or facsimile transmission followed by postage-prepaid certified mail, and shall be addressed as follows:

IF TO THE UNITED STATES:

> Lara K. Eshkenazi
> Lawrence H. Fogelman
> Assistant United States Attorneys
> United States Attorney's Office
> Southern District of New York
> 86 Chambers Street, Third Floor
> New York, New York 10007
> Facsimile: (212) 637-2730

IF TO DEFENDANTS:

> Kevin Keating
> 666 Old Country Road, Suite 501
> Garden City, New York 11530
> Facsimile: 516-683-8410

21. The effective date of this Stipulation is the date upon which this Stipulation is entered by the Court (the "Effective Date").

[SIGNATURE PAGE TO FOLLOW]

Agreed to by:

                                                THE UNITED STATES OF AMERICA

Dated: New York, New York
       December 24, 2014

By:   */s/ Lara K. Eshkenazi*
Lara K. Eshkenazi
Lawrence H. Fogelman
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007

*Attorneys for the United States of America*

                                                DAVID MOVTADY AND GOLDEN FIRST
                                                MORTGAGE CORP.

Dated: Garden City, New York
      December 22, 2014

LAW OFFICES OF KEVIN J. KEATING

By:   */s/ Kevin J. Keating*
Kevin J. Keating
666 Old Country Road, Suite 501
Garden City, New York 11530

*Attorneys for Defendants*

Dated: New York, New York
      December 22, 2014

By:   */s/ David Movtady*
David Movtady

SO ORDERED:

_____
HON. JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE
December 31, 2014

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

           Plaintiff,

   -against-

DAVID MOVTADY and GOLDEN FIRST MORTGAGE CORP.,

           Defendants.

13 Civ. 2227 (JMF)

CONSENT JUDGMENT

Upon the consent of plaintiff the United States of America and defendants David Movtady and Golden First Mortgage Corp., following entry of a stipulation and order of settlement; it is hereby

ORDERED, ADJUDGED AND DECREED: That plaintiff the United States of America is awarded judgment in the sum of $36,000,000 as of December ___, 2014, as against defendant Golden First Mortgage Corp., plus any and all applicable post-judgment interest as permitted by law.

Consented to by:

                              PREET BHARARA
                              United States Attorney for the
                              Southern District of New York

            By: _____
                    Lara K. Eshkenazi
                    Lawrence H. Fogelman
                    Assistant United States Attorneys
                    86 Chambers Street, Third Floor
                    New York, New York 10007
                    Telephone No. (212) 637-2800
                    Facsimile No. (212) 637-2702
                    Email: lara.eshkenazi@usdoj.gov
                                lawrence.fogelman@usdoj.gov

*Attorneys for the United States of America*

|  |  |
|---|---|
| By: | LAW OFFICE OF KEVIN J. KEATING<br><br>_____/s/ Kevin J. Keating_____<br>Kevin J. Keating<br>666 Old Country Road, Suite 501<br>Garden City, New York 11530<br>Email: kevin@kevinkeatinglaw.com<br><br>*Attorneys for Defendants Golden First Mortgage Corp. and David Movtady* |

Dated: New York, New York
       December ___, 2014

So Ordered:

_____
Hon. Jesse M. Furman
United States District Judge

                                    Clerk of Court

                              By:   _____
                                    Deputy Clerk

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  -against-<br><br>DAVID MOVTADY and GOLDEN FIRST MORTGAGE CORP.,<br><br>      Defendants. | 13 Civ. 2227 (JMF)<br><br>CONSENT JUDGMENT |

  On December __ 2014, this Court entered a Stipulation and Order of Settlement and Dismissal (the "Stipulation") resolving the claims asserted by the United States of America in the above-captioned action;

  Pursuant to the Stipulation, defendant David Movtady ("Movtady") agreed, *inter alia*, to (i) pay $300,000 to the United States in installments, *see* Stipulation, ¶ 3, and (ii) in the event that Movtady defaulted on any of the payments due to the United States, entry of a judgment against him "in the amount of one and a half times (*i.e.*, 150%) of the unpaid balance," *see id.*, ¶ 8.

  As of _____ 2015, Movtady had paid a total of $_____ to the United States pursuant to the Stipulation.

  On _____, 20__, Movtady failed to make the _____ payment in accordance with Paragraph 3 of the Stipulation, leaving an unpaid balance under that Order in the amount of $ _____.

  Accordingly, on the consent of plaintiff the United States of America and defendants David Movtady and Golden First Mortgage Corp., following entry of a stipulation and order of settlement; it is hereby

ORDERED, ADJUDGED AND DECREED: That plaintiff the United States of America is awarded judgment in the sum of $_____$ , equal to one and a half times the unpaid balance under Paragraph 3 of the Stipulation as against defendant David Movtady, and all applicable post-judgment interest as permitted by law.

Consented to by:

PREET BHARARA
United States Attorney for the
Southern District of New York

By: _____
Lara K. Eshkenazi
Lawrence H. Fogelman
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Telephone No. (212) 637-2800
Facsimile No. (212) 637-2702
Email: lara.eshkenazi@usdoj.gov
       lawrence.fogelman@usdoj.gov

*Attorneys for the United States of America*

LAW OFFICE OF KEVIN J. KEATING

By: _____
Kevin J. Keating
666 Old Country Road, Suite 501
Garden City, New York 11530
Email: kevin@kevinkeatinglaw.com

*Attorneys for Defendants Golden First Mortgage Corp. and David Movtady*

Dated: New York, New York
       _____, 2015

_____
Clerk of Court

So Ordered:

By: 

_____       _____
Hon. Jesse M. Furman                    Deputy Clerk
United States District Judge